UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Earl Salgat,

              Petitioner,      Case No. 25-12374

v.                                Judith E. Levy
                                United States District Judge
Tuscola County Sheriff's
Department,                Mag. Judge Elizabeth A.
                                Stafford
            Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS [1] AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner William Earl Salgat, who has given his address as 19 8th Street S # 489, Fargo, North Dakota 58103, filed a *pro se* writ of habeas corpus, which is construed as being brought pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner challenges a pending arrest warrant or warrants

---

[1] Because Petitioner's application for a writ of habeas corpus was filed before he was convicted of any crimes, the more appropriate vehicle for Petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. *See Klein v. Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008).

issued by the Tuscola County Sheriff's Department out of Tuscola County, Michigan. For the reasons stated below, the petition for a writ of habeas corpus is dismissed.

## I. Introduction

Petitioner claims in his petition that he "is being unlawfully charged by the Tuscola County Sheriff's Department" for unspecified charges and that he has been placed on the "NICS list" as a "Fugitive of Justice" "without probable cause under due process of common law." (ECF No. 1, PageID.1.)[2] Petitioner also argues that no bond has been set on these charges in violation of his Eighth Amendment rights. (*Id.*)

The Court has searched Michigan court records. Petitioner appears to have a pending case in the 71B District Court in Tuscola County, Michigan for two charges of embezzlement of $100,000.00 or more from a vulnerable adult, two counts of using a computer to commit a crime, and one charge each of uttering and publishing and forgery. *See People v. Salgat*, No. 23-0025FY-FY (71B Dist. Ct., Tuscola Cnty, Mich.).

---

[2] The "NICS list" referred to by Petitioner appears to be the National Instant Criminal Background Check System ("NICS"), which contains information on those prohibited from receiving firearms by federal or state law. *NICS Indices*, Federal Bureau of Investigation, https://www.fbi.gov/how-we-can-help-you/more-fbi-services-and-information/nics/nics-indices (last visited Sept. 2, 2025).

According to the records, warrants have been issued but Petitioner has yet to be arraigned on these charges.

The Court also searched the inmate records at the Cass County Jail in Fargo, North Dakota, and Petitioner is not currently incarcerated there.[3] Significantly, Petitioner does not allege that he is currently incarcerated on these charges or on bond for them.

## II. Analysis

The Court again notes that the more appropriate vehicle for Petitioner to seek habeas relief is under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28 U.S.C. § 2254. Although § 2241 is more applicable to this Petitioner, "the rules governing § 2254 cases may be applied at the discretion of the district court judge in habeas petitions not brought under § 2254." *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citing Rule 1(b), Rules Governing § 2254 Cases).

---

[3] *See List of Inmates in Cass County Jail*, Cass County North Dakota Corrections Department, https://perma.cc/PTC3-7QC6 (last visited Sept. 2, 2025). The Court notes that the address Petitioner provided to this Court does not appear to be a home address; as such, the Court is unable to verify where exactly Petitioner is located.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011).

No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021). This petition must be dismissed because it is facially insufficient. Petitioner has not alleged or shown that he is in custody on these pending warrants.

28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The Court does not have the authority to

review the constitutionality of the arrest warrant or warrants because Petitioner has neither been charged or convicted of any crime. *See, e.g.*, *Wrosch by Dye v. Neeley*, No. 2:25-CV-11947, 2025 WL 2042264, at *2 (E.D. Mich. July 21, 2025) ("This Court does not have the authority to review the constitutionality of Mr. Wrosch's arrest under habeas relief because he has neither been charged or convicted of any crime."); *Gilliland v. Barteaux*, 670 F. Supp. 3d 1254, 1261 (N.D. Okla. 2023) (Petitioner not in "constructive custody" for habeas purposes simply because she was subject to an arrest warrant for failure to comply with the tribal court's order to post a cash bond); *Elliott v. Cochise Cnty.*, 212 F. App'x 677, 678 (9th Cir. 2006) (To extent arrestee's complaint, in § 1983 action alleging, inter alia, false arrest under Arizona law, sought habeas corpus relief, complaint failed to state a claim because complainant was not in custody at time of filing).

The issuance of the warrants, alone, does not violate Petitioner's constitutional rights because it appears that they have yet to be executed. *Ritter v. Muskegon Cnty. Prosecutor*, No. 1:23-CV-207, 2023 WL 3571760, at *2 (W.D. Mich. Mar. 16, 2023), *report and recommendation adopted*, No. 1:23-CV-207, 2023 WL 3569235 (W.D. Mich. May 19, 2023).

5

Accordingly, the issuance of these arrest warrants, without more, does not violate Petitioner's constitutional rights or entitle him to habeas relief.

### III. Conclusion

The Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability to petitioner. Regardless of whether the petition was brought under §§ 2254 or 2241, Petitioner must obtain a certificate of appealability before appealing the Court's denial of the habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (holding a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020) (requiring pre-trial detainee who challenged pending state prosecution pursuant to § 2241 to obtain a certificate of appealability).

Section 2253(c)(2) states, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "The district court must issue or deny a certificate

of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases.

The Court denies Petitioner a certificate of appealability because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner failed to meet the "in custody" requirement for maintaining a habeas action with respect to his pending arrest warrants. *See, e.g.*, *Finkelstein v. Spitzer*, 455 F.3d 131, 133 (2nd Cir. 2006). The Court denies Petitioner leave to appeal *in forma pauperis*, because any appeal would be frivolous. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

## IV. ORDER

For the reasons set forth above, the petition for a writ of habeas corpus is DISMISSED, and a certificate of appealability is DENIED. Petitioner is also DENIED Leave to Appeal *In Forma Pauperis*.

IT IS SO ORDERED.

Dated: September 3, 2025    s/Judith E. Levy
    Ann Arbor, Michigan    JUDITH E. LEVY
                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
